## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

**INFOGROUP INC.,**

**Plaintiff,**

v.

**BUDCO EAST COAST LLC, a Michigan
limited liability company, and DIRECT
FULFILLMENT, LLC,**

**Defendants.**

**Case No. 8:10-CV-441**

**PROTECTIVE ORDER**

The Court has before it the parties' stipulated Motion for Protective Order (Doc. 20).  The Court finds that good cause exists for the entry of a Protective Order.

**IT IS THEREFORE ORDERED** that the Motion (Doc. 20) is granted.  Pursuant to Fed. R. Civ. P. 26(c), the following procedures will govern the designation and handling of confidential information already produced or to be produced herein by or on behalf of the parties in the above-captioned matter.

1.   Except as otherwise ordered by this Court, this Order shall apply to all documents, testimony, and information produced, generated, or filed in this action that are designated by the parties as "CONFIDENTIAL" in accordance with the terms hereof.

2.   Each party shall have the right to designate as "CONFIDENTIAL" any information it reasonably believes (a) constitutes proprietary information, confidential business or financial information, and/or trade secrets relating to its business; and/or (b) is otherwise entitled to protection from disclosure under the applicable law.  Confidential information shall not include any information that is generally known or available to the public without violating this Order, or has been published and thus a part of the public domain.

3.    Designation of documents or information as confidential pursuant to the terms of this Order shall be made in the following manner:

(a)    Information contained in a document or other writing may be designated by stamping or otherwise marking (in such a manner as will not interfere with the legibility of the document) the first page of the document containing confidential information with an appropriate notation substantially in the form: "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."

(b)    Information revealed in a deposition, whether in a question, answer or exhibit, may be designated confidential by noting a claim of confidentiality pursuant to this Order on the record at the time of the depositions, whenever reasonably possible. The confidential portion shall be identified as such in the caption or title of the transcript and on each page that contains confidential information. The party claiming confidentiality shall, on the record, advise all persons present at the deposition that the information is confidential and is subject to a Protective Order governing its use. Before the disclosure of previously designated confidential information in a deposition, all persons who have not theretofore been made subject to this Order shall be given a copy of this Order and shall acknowledge on the record of such deposition that they have read the Order and agree to be bound by its terms. When the claim of confidentiality is not made in advance of disclosure or at the time of the deposition, it may be made in writing within a reasonable time thereafter, at which point the designated material shall be accorded confidential treatment pursuant to this Order and counsel for the party making the claim of confidentiality shall ensure that the preceding provisions of this subparagraph concerning the transcription and identification of confidential material are followed.

4.    Confidential information subject to this Order shall be used solely and exclusively for purposes of this case in accordance with the provisions of this Order. Such information shall not be used in or for other cases, proceedings, or disputes, or for any commercial, business, competitive, or other purpose whatever, unless expressly authorized by modification of this Order pursuant to Paragraph 9 below.

5.    To the extent that confidential information is contained in or attached to materials filed with the Court, such materials shall be filed under seal. No one, other than the Court, its agents and

employees, and persons authorized by this Order or any subsequent order of the Court or agreement of the parties, shall have access to such sealed materials.

6.     Except with the prior written consent of either party asserting confidential treatment or prior order of Court, after notice as provided hereunder, any confidential information, and any information contained in, or derived from, any such information, may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

(a)     The parties and their legal counsel, including in-house counsel for such parties, and their paralegal and clerical staff (including independent copying services employed by counsel), each of whom shall be required to abide by the terms of this Protective Order;

(b)     Expert witnesses or consultants engaged by counsel for parties to this action to assist in the prosecution and defense of this action, each of whom shall separately agree in writing to be bound and governed by the terms of this Order. Counsel for the party desiring to provide such information to any expert or consultant shall be responsible for obtaining and preserving the signed agreement to be bound by the terms of this Order before any such information is actually provided;

(c)     Any person involved in the preparation of the document;

(d)     Any deposition or trial witness, during the course of a deposition or trial testimony when necessary to the testimony of such witness;

(e)     Any other person, each of whom shall separately agree in writing to be bound and governed by the terms of this Order, per the attached Declaration. Ten (10) business days prior to disclosing confidential information to any such individual (other than an expert or consultant governed by subparagraph (b) above), the name of such individual shall be disclosed to the opposing party who shall have the opportunity to object to the provision of the confidential information to such person. Otherwise, the party requesting for the person(s) to be added to this Order may file a motion with the Court to resolve the dispute.

7.     ALL PERSONS to whom confidential information and/or documents are disclosed are hereby enjoined from using the same except in settlement negotiations, the preparation for trial, and in the trial of this action (under such safeguards as the Court may require) and from disclosing the

same to any other person except as provided herein. No person receiving or reviewing such confidential information shall disclose it or its contents to any person other than those described in Paragraph 6 for the purposes specified.

8.    If either party desires to obtain confidentiality protection other than that provided by the above paragraphs with respect to specific information or categories of information subject to this Order, it shall advise the opposing party of the protection desired and the information to which the protection shall be applicable. If the parties fail to agree concerning the confidential treatment sought, after conferring in good faith with respect thereto, then the parties shall proceed in accordance with Paragraph 9 of this Order and the subject information shall be produced in accordance with the order of this Court.

9.    With respect to the contents of this Order, and any challenges that may be made by either party concerning designations of confidential information made pursuant to this Order:

(a)    Any party shall be free to move to modify this Order. The parties recognize that other situations not adequately addressed in this Order may arise and that a need for a modification of this Order is not unlikely.

(b)    If a party wishes to challenge a designation of information as confidential it may proceed as follows:

(1)    The challenging party's counsel shall confer in a good faith effort with the opposing party's counsel to resolve by agreement any differences as to the use or designation of information as confidential;

(2)    If an agreement cannot be reached, the challenging party's counsel may file an appropriate motion with the Court with respect to the information in question and shall:

(i)    Certify that he or she has sought in good faith to confer with opposing counsel and has been unable to resolve the dispute by agreement; and

(ii)    Identify the information as to which relief is sought.

(c)    Within ten (10) business days, the party being challenged shall respond to the motion by:

(1)   Showing with particularity with respect to each challenged item of confidential information the reasons why such information has been properly designated as confidential information; and

(2)   Showing why the further disclosure or use of the particular information might result in harm or injury.

(d)   If a response is timely made as provided in paragraph 9(c) until the application for modification with respect to specific confidential information is ruled upon by the Court, the designation of confidentiality shall remain in full force and effect and the information shall continue to be accorded the treatment required by this Order.

(e)   If challenged, the burden of establishing the appropriateness of material designated confidential rests with the party making or requesting that designation.

10.   A failure to challenge the propriety of a designation of confidentiality at the time the designation is made shall not be deemed a waiver of the right to subsequent challenge thereto.

11.   The inadvertent or unintentional disclosure of confidential information shall not be construed to be a waiver, in whole or in part, of a claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto.

12.   If another person, group, entity, court or an administrative agency subpoenas or orders the production or disclosure of any information designated as confidential information under this Order, then the attorney of record for the party to whom such subpoena or other court order has been directed shall promptly give written notice to the attorneys of record for the designating party of the pendency of such subpoena or order before complying with it.

13.   Nothing contained in this Order, and no act taken pursuant to it, shall prejudice the right of any party at any time to contest the alleged relevancy, admissibility, legal effect or consequence, or discoverability of any information designated as "confidential information."  Further, nothing contained in this Order shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

14.   Within 60 days after the final conclusion of this lawsuit (whether by settlement or litigation), all persons subject to this Order shall return any confidential documents within their possession to the opposing party, other than any exhibits entered in this case during trial. Any such trial exhibits may be retained by the attorneys in this case with the agreement that no such confidential documents may be used in any other lawsuit. If any such confidential documents are obtained independently in the course of discovery in any other lawsuit, this Order does not prohibit the parties from using said documents in that case.

15.   A breach of the provisions of this Protective Order shall be subject to sanctions to be determined by the Court in its discretion, upon a motion to the Court by any party.

16.   The provisions of this Order shall survive and remain in full force and effect until settlement is reached or after the entry of final judgment (including any appellate proceedings) in this case, whether by settlement or litigation.

17.   This Court retains jurisdiction, both before and after the entry of final judgment in this case (whether by settlement or litigation) to construe, enforce and amend the provisions of this Order. The treatment of confidential information to be introduced at trial shall be the subject of a later order.

**DATED January 25, 2011.**

**BY THE COURT:**

**s/ F.A. Gossett, III**
**United States Magistrate Judge**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **INFOGROUP INC., a Delaware corporation,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 8:10-CV-441** |
| **BUDCO EAST COAST LLC, a Michigan limited liability company, and DIRECT FULFILLMENT, LLC,** | **PROTECTIVE ORDER: DECLARATION** |
| **Defendants.** | |

COMES NOW, the undersigned, and hereby declares and states as follows:

I hereby attest to my understanding that information or documents designated "CONFIDENTIAL" pursuant to the Protective Order are provided to me subject to the Protective Order entered in the above captioned litigation; that I have been given a copy of and have read the Protective Order; and that I agree to be bound by its terms; I also understand that my execution of this Declaration, indicating my agreement to be bound by the Protective Order, is a prerequisite to my review of any information or documents designated as "CONFIDENTIAL" pursuant to the Protective Order.

I further agree that I shall not disclose to others, except in accord with the Protective Order, any material deemed "CONFIDENTIAL," or any information contained in such "CONFIDENTIAL" materials, in any form whatsoever, and that such "CONFIDENTIAL" material, and the information contained therein, may be used only for the purposes authorized by the Protective Order.

I further attest and agree to my understanding that my obligation to honor the confidentiality of any "CONFIDENTIAL" material and information contained therein will continue even after the above captioned litigation concludes.

I understand that the Protective Order is a Court Order which is legally binding upon me. I hereby agree to submit to the jurisdiction of the United States District Court for the District of Nebraska with regard to the enforcement of any alleged violation of the terms of the Protective

Order, or of this Declaration, and agree that such jurisdiction shall survive the termination of the above captioned litigation.

I further agree to be bound by and to comply with the terms of the Protective Order as soon as I sign this Declaration, whether or not the Protective Order has been signed by the Court.

Dated this _____ day of _____, 2011.


_____

Declarant


Subscribed and affirmed to before me on this _____ day of _____, 2011.


_____

Notary Public for the State of _____